UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COREY PATRICK THOMAS                          CIVIL ACTION

VERSUS                                        NUMBER: 17-0115

SCHINDLER ELEVATOR COMPANY                    SECTION: "F"(5)

## REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* by *pro se* Plaintiff, Corey Patrick Thomas, against Defendant, Schindler Elevator Company. (Rec. docs. 1, pp. 1, 4; 2; 5).[1]

Plaintiff is an inmate of the David Wade Correctional Center in Homer, Louisiana, who was previously confined at the Jefferson Parish Correctional Center ("JPCC") in Gretna, Louisiana. While so housed at JPCC, Plaintiff alleges that on January 11, 2015, the elevator in which he, Deputy Calice, and a number of other inmates were riding malfunctioned, resulting in unspecified injuries for which he was not reportedly provided emergency medical treatment, therapy, or medication. (Rec. doc. 1, pp. 4-5). Plaintiff seeks 10 million dollars in damages. (*Id.* at p. 5).

As noted above, Plaintiff is proceeding *in forma pauperis* in this matter under 28 U.S.C. §1915. Under that statute, courts are directed to dismiss such matters at any time it is determined, *inter alia*, that the action is "... frivolous or malicious ..." 28 U.S.C.

---

[1] Plaintiff's original complaint contained the names of three other prisoners who were reportedly joining him as co-Plaintiffs in this matter. (Rec. doc. 1, p. 6). However, those individuals failed to separately sign the complaint or to submit separate applications to proceed *in forma pauperis*, deficiencies that the Clerk of Court notified Plaintiff of on January 9, 2017. (Rec. doc. 3). Plaintiff has since clarified that his is proceeding alone in this lawsuit. (Rec. doc. 4).

§1915(e)(2)(B)(i). A complaint is frivolous if the claims alleged therein have no arguable basis in law or fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993). A complaint is malicious if the claims asserted therein have already been asserted by the plaintiff in a pending or previous lawsuit <u>against the same or different defendants</u>. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Although "frivolous" precedes "malicious" in the cited statute, those two statutory bases of dismissal will be addressed in opposite order.

A review of the court's records reveals that among the lawsuits that Plaintiff has previously initiated in this forum is the matter entitled *Thomas v. Jeff. Parish Corr. Center, et al.*, No. 16-CV-4569 "I"(4). In that matter, Plaintiff sued JPCC and "JPCC Medical" regarding the same elevator-related incident of which he complains herein. (Rec. doc. 6 in No. 16-CV-4569). On October 24, 2016, the Magistrate Judge to whom that previous case was allotted issued a Report and Recommendation recommending that the matter be dismissed as frivolous and/or for failure to state a claim. *Thomas v. Jeff. Parish Corr. Center*, No. 16-CV-4569, 2016 WL 6775463 (E.D. La. Oct. 24, 2016). Plaintiff filed no objections to the aforementioned Report and Recommendation and on November 15, 2016, the presiding District Judge adopted the Report and Recommendation as his opinion and dismissed the case with prejudice as frivolous and/or for failure to state a claim. *Thomas v. Jeff. Parish. Corr. Center*, No. 16-CV-4569, 2016 WL 6696053 (E.D. La. Nov. 15, 2016). The dismissal of that case was not appealed and the dismissal has thus become final.

The instant proceeding, which was filed *in forma pauperis*, is repetitious litigation that seeks "… to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir.), *cert. denied*, 493 U.S. 969, 110 S.Ct. 417 (1980)(citing

*Bailey v. Johnson*, 846 F.2d 1019 (5th Cir. 1988)).  Principles of *res judicata* serve to bar all claims that were brought or could have been brought based on the same operative factual nucleus.  *McGill v. Juanita*, No. 03-CV-1113, 2003 WL 21355439 at *2 (N.D. Tex. June 6, 2003), *adopted*, 2003 WL 21467745 (N.D. Tex. June 18, 2003).  The privilege of proceeding *in forma pauperis* at government expense does not entitle Plaintiff to a second "… bite at the litigation apple …" with respect to the elevator-related incident of January 11, 2015.  *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993).  In light of these authorities, it will be recommended that Plaintiff's suit be dismissed as malicious pursuant to §1915(e)(2)(B)(i).

Even if this suit were not subject to dismissal as malicious, the Court would nevertheless recommend that the action be dismissed as frivolous for the following reasons. As Plaintiff should know through one of the other lawsuits that he has previously litigated in this forum, the law is well-settled that in order to set forth a cognizable claim under §1983, an aggrieved party must allege that the defendant, a "person" acting under color of state law and in accordance with an established state procedure, deprived him of the rights, privileges, or immunities secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330, 106 S.Ct. 662, 664 (1986).  (*See* rec. doc. 7, p. 2 in No. 16-CV-4661). In terms of the "state action" requirement, it is dubious at best that an elevator manufacturing/maintenance company like Schindler can be considered to be a state actor for purposes of §1983 liability.  *Jones v. Mid-America Elevator Co.*, No. 91-CV-3924, 1991 WL 127585 at *1-2 (N.D. Ill. July 3, 1991).  Even if it could, Plaintiff's allegations regarding the manufacturing/maintenance of the elevator sound in negligence, which is not actionable under §1983.  *Id.* at *2 (citing *Daniels v. Williams*, 474 U.S. 327, 328, 106 S.Ct. 662, 663

3

(1986)).  Finally, because more than one year elapsed between the incident of which Plaintiff complains and the date that he signed his complaint, any §1983 or state-law tort claim with respect to the incident is clearly prescribed, *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989), and should thus be dismissed with prejudice as frivolous under §1915(e)(2)(B)(i). *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993).

## RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's complaint be dismissed as frivolous and malicious pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[2/]

New Orleans, Louisiana, this 27th day of January, 2017.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[2/] *Douglass* referenced the previously-applicable 10-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.

4